**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30662
Summary Calendar

GREG E. CRAWFORD,

Plaintiff-Appellee,

versus

FALCON DRILLING COMPANY, INCORPORATED,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(95-CV-993)

April 15, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Falcon Drilling Company, Inc. appeals the judgment entered by the district court in this Jones Act case. For the reasons assigned, we affirm.

In 1996 following a bench trial, the district court made findings of fact and applied conclusions of law resulting in a judgment decreeing that Falcon was negligent and responsible for the injuries sustained by Greg Crawford, and that Crawford was not contributorily negligent. Judgment in favor of Crawford for

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$563,190.91 was entered. On appeal,[1] we affirmed as to the amount of damages, but remanded the case in light of the intervening *en banc* decision in **Gautreaux v. Scurlock Marine, Inc.**,[2] which recast the standard of negligence in Jones Act cases. In doing so, we noted that several of the district court's factual findings as to liability might be affected by the **Gautreaux** standard. On remand, the district court addressed the facts in light of the teachings of **Gautreaux** and again found that Falcon was negligent and responsible for Crawford's damages and that Crawford was not contributorily negligent.

On this appeal, we review the district court's factual findings for clear error.[3] Finding ample evidence in the record to support the district court's findings, and that those findings are not clearly erroneous, the judgment appealed is AFFIRMED.

---

[1] **Crawford v. Falcon Drilling Co.**, 131 F.3d 1120 (5th Cir. 1997).

[2] 107 F.3d 331 (5th Cir. 1997) (en banc).

[3] **Avondale Indus., Inc. v. International Marine Carriers, Inc.**, 15 F.3d 489 (5th Cir. 1994); Fed.R.Civ.P. 52(a).